AMERICAN IMPORT CO. ET AL. *v.* UNITED STATES

**No. 4614.**—Invoices dated Kobe, Japan, March 4, 1936, etc.
Entered at Los Angeles, Calif., March 24, 1936, etc.
Entry Nos. 7988, 3409, 3979, 4227.

(Decided July 6, 1939)

*Philip Stein* for the plaintiffs.

*Webster J. Oliver,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

CLINE, Judge: These appeals to reappraisement were all submitted on the same record. It appears therefrom that the appraiser did not make an advance in value but appraised the merchandise at the entered value, for counsel for the respective parties agreed in open court that the appraised values were the same as the entered values, as follows:

Mr. STEIN. These can be submitted if the counsel for the Government will agree that the appraised value is the same as the entered value.

There seems to have been an error in the collector's office, by sending a notice of advance when there was no· advance; and we automatically filed an appeal to reappraisement. But it appears that the entered value and the appraised values are the same.

We will submit if that is agreeable.

Mr. WELSH. That appears to be correct, if your Honor please, so the Government will submit also.

Section 501 of the Tariff Act of 1930 provides as follows:

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

As no testimony was offered to overcome the presumption of correctness attaching to the appraiser's return in these cases, the appeals are hereby dismissed. Judgment will be rendered accordingly.